**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

STEVEN DEHART,

    Plaintiff,

v.

                                        Case No. 19-4022-HLT-ADM

BOARD OF COUNTY COMMISSIONERS
OF RILEY COUNTY, KANSAS
    Defendant.

## ORDER

The court sets this case for a mediation on **July 31, 2020 at 9:00 a.m.** via Zoom Video Conference before Magistrate Judge Angel D. Mitchell. Counsel and parties are ORDERED to be present and to have full settlement authority as required by D. Kan. Rule 16.3(c)(2). A pre-mediation conference is scheduled for **July 22, 2020 at 9:00 a.m.** by telephone (1-888-363-4749; access code 3977627).

The parties may submit mediation statements to chambers no later than **July 27, 2020**. The statement must be submitted electronically in .pdf format as an attachment to an email sent to *ksd_mitchell_chambers@ksd.uscourts.gov*. It must **not** be filed with the Clerk's Office. The mediation statements should be concise, may include any information that may be useful, and must include at least the following:

(1)    Identify (by name, and by description—*e.g.*, title or status): (a) the person(s) with decision-making authority, who, in addition to counsel, will attend the mediation as a party representative, and (b) any interested nonparty who may have an interest in the case such that notice is required pursuant to D. Kan. Rule 16.3(c)(3);

(2) A brief description of the substance of the lawsuit, including the party's views of the key liability issues, damages, and evidence;

(3) Discovery, motions, or other key datapoints the party believes may contribute most to meaningful settlement negotiations;

(4) The history and status of any settlement negotiations;

(5) Additional information about any needs, interests, or other considerations not described elsewhere in the statement that might be pertinent to settlement; and

(6) Copies of any key documents likely to make mediation more productive or to materially advance settlement prospects.

The mediation statement should be conspicuously marked "Confidential – Not for Docketing" and should not be served on opposing parties or filed with the court. The mediation statement, anything that happens or is said at the mediation, any position taken, and any view of the merits of the case formed by any participant in connection with the mediation as "confidential information" pursuant to D. Kan. Rule 16.3(i)-(j).

**IT IS SO ORDERED.**

Dated July 17, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
